UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE YOUNG,

       Plaintiff,                        CIV. NO. 12-14738

      v.                              HON. TERRENCE G. BERG

                                      HON. R. STEVEN WHALEN

EVERHOME MORTGAGE, GREEN
TREE SERVICING, LLC, and BANK
OF AMERICA, N.A.

       Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTIONS TO DISMISS (DKTS. 2 & 4)[1]**

Johnnie Young, proceeding *in pro per*, ("Plaintiff") initiated this lawsuit in the Wayne County Circuit Court; Defendants removed the case to this Court (Dkt. 1). Defendants' motions to dismiss are pending (Dkts. 2 & 4). Plaintiff responded to Defendants' motion to dismiss (Dkts. 6 & 7). The Court scheduled Defendants' motions to dismiss for hearing on May 15, 2013 (Dkt. 15).

On the day of the hearing, an attorney – F. Anthony Lubkin – filed an appearance on behalf of Plaintiff (Dkt. 17). Mr. Lubkin argued at the hearing for Plaintiff, and filed a response to Defendants' motions to dismiss two days after the hearing (Dkt. 18). During oral argument, and in the belated response brief, Mr.

---

[1] There are also three pending motions concerning requests for extensions of time for Defendants to file responsive pleadings (Dkts. 3, 10 & 11). Since all Defendants have now responded to Plaintiff's Complaint with motions to dismiss, these three motions are DENIED AS MOOT.

Lubkin has requested leave to amend to present a "streamlined and well-pleaded Complaint duly focusing on narrow and viable issues…" (Dkt. 18 ¶ 6).

For the reasons set forth below, Defendants' motions to dismiss are **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall be permitted to file a motion for leave to amend – with a proposed Amended Complaint attached (*see* E.D. Mich. LR 15.1) – within fourteen (14) days of the date of this order.[2] If Plaintiff does not file a motion for leave to amend within this time-frame, then the dismissal of Plaintiff's case will automatically be converted into a dismissal with prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

Unlike many complaints challenging mortgage obligations, in this case Plaintiff is current on his mortgage payments and is not in foreclosure. Instead of challenging a foreclosure after defaulting on his mortgage, Plaintiff Johnnie T. Young is asking the Court to declare that he is the fee simple owner of the real property located at 19731 Lesure, Detroit, Michigan (the "Property"), the holders of the mortgage have no interests whatsoever in the Property, and the Property should be "returned" to him, along with "double its value of Sixty Nine Thousand, Nine Hundred and Nineteen 00/100, Dollars ($69,000.00) for defending the fraudulent action and void ab initio, void from the beginning" (Dkt. 1 at 21, CM/ECF pagination).

---

[2] Should Plaintiff elect to file a motion for leave to amend, Defendants may respond to the motion and the Court will determine whether Plaintiff's proposed amendment is futile (*i.e.*, whether Plaintiff's proposed Amended Complaint could survive a Rule 12(b)(6) motion).

By way of background, Plaintiff took title to the Property on November 23, 1992 pursuant to a Warranty Deed, recorded with the Wayne County Register of Deeds on July 16, 1993 (Dkt. 2; Ex. A). On July 8, 1993, Plaintiff borrowed $37,550, executed a note for the repayment of this amount, and gave a mortgage secured by the Property to non-party Shore Mortgage, which was recorded on July 16, 1993 (the "First Mortgage") (Dkt. 2; Ex. B). The First Mortgage is now held by non-party Alliance Mortgage Company, pursuant to an assignment dated January 1, 1997 (Dkt. 2; Ex. C). The First Mortgage is currently serviced by Defendant Everhome Mortgage Company, now known as EverBank.

On October 19, 2006, Plaintiff borrowed $50,000, executed a note for the repayment of this amount, and gave a mortgage secured by the Property to non-party LaSalle Bank Midwest, N.A., which was recorded on November 10, 2006 (the "Second Mortgage") (Dkt. 2; Ex. D). The Second Mortgage and note were subsequently purchased by Defendant Bank of America and are now serviced by Defendant Green Tree. Plaintiff's monthly payments under both the First and Second Mortgages are current and Plaintiff is not, nor ever has been, in mortgage foreclosure.

Plaintiff filed the present action in the Wayne County Circuit Court on October 2, 2012, apparently seeking to invalidate Defendants' security interests in the Property and extinguish both mortgage loans. On October 25, 2012, Defendants removed the case to the Court, and promptly filed motions to dismiss.

3

## II. ANALYSIS

The Complaint in this case is another in a string of *pro se* complaints that appear to originate from a common source. The Court's concern about these complaints is detailed in *Evangelist v. Green Tree*, E.D. Mich. Case No. 12-15687 (Dkt. 23). In brief, the similarities in these pleadings suggest that someone, possibly an attorney, may be ghost-writing "*pro se*" pleadings for use in cases challenging mortgage foreclosures. The claims in the instant Complaint track those in the *Evangelist* case, and the Court incorporates by reference the legal discussion set out in its Opinion and Order Granting Defendants' Motions to Dismiss in *Evangelist v. Green Tree*, E.D. Mich. Case No. 12-15687 (Dkt. 23) explaining why those claims are insufficient under Rule 12(b)(6). The same analysis bars Plaintiff Young's claims. This case appears to be the first of these similar *pro se* cases in which an attorney has filed an appearance. That attorney, Mr. Lubkin, avers that there are some viable claims hiding beneath Plaintiff's nearly incomprehensible *pro se* Complaint.

The Court cannot assess the viability of any such claims, as Plaintiff has not filed a proposed Amended Complaint. To ensure that a potentially viable claim is not dismissed prematurely, the Court will permit Plaintiff to file a motion for leave to amend – with a proposed Amended Complaint attached thereto (*see* E.D. Mich. LR 15.1),[3] within 14 days of the date of this Order. Plaintiff's response brief also

---

[3] At this point in the proceedings, however, it is clear that Plaintiff's original Complaint fails to state a claim upon which relief can be granted. Thus, Defendants' motion to dismiss will be granted, but the Court will entertain a potential amendment of the pleadings. *See Ashcroft v. Iqbal*, 556 U.S. 662,

4

alluded to "an expert witness (to be identified as needed)" who could testify as a "mortgage fraud investigator" (Dkt. 18 ¶ 3). Plaintiff is directed to identify this expert witness in his motion for leave to amend. Defendants may then respond to Plaintiff's motion for leave to amend, and the Court will determine whether granting leave to amend would be futile (*i.e.*, whether Plaintiff's proposed Amended Complaint would survive a Rule 12(b)(6) motion). If Plaintiff chooses not to file a motion for leave to amend, then the dismissal of this case will automatically convert into a dismissal with prejudice.

Any proposed Amended Complaint should be drafted after careful consideration of recent case law discussing challenges to mortgage obligations, including: *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011); *Livonia Prop. Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC*, 717 F.Supp.2d 724, 736–37 (E.D. Mich. 2010) (Feikens, J.), *aff'd*, 399 Fed. Appx. 97, 102–03 (6th Cir. 2010); *Conlin v. MERS*, --- F.3d ---, Case No. 12–2021, 2013 WL 1442263 (6th Cir. Apr. 10, 2013); and *Welk v. GMAC Mortg., LLC*, 850 F.Supp.2d 976 (D. Minn. 2012). The Court will of course scrutinize the claims presented in any Amended Complaint to ensure they "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

---

687 (2009) (granting motion to dismiss, but remanding to consider whether the plaintiff should be granted leave to amend).

The Court notes that, because Mr. Lubkin addressed the Court during the hearing on the motion to dismiss in *Evangelist v. Green Tree*, E.D. Mich. Case No. 12-15687, and the Court's order granting the motion to dismiss in that case has been forwarded to Mr. Lubkin, the Court expects that Plaintiff will not advance claims in the Amended Complaint that are similar to those that were dismissed in this case or in the *Evangelist* case, as such claims are clearly lacking in merit. Should similar claims be alleged in any Amended Complaint, the Court will need to consider whether the Amended Complaint is being presented for an improper purpose, such as to cause unnecessary delay or to needlessly increase the cost of litigation, in violation of Fed. R. Civ. P. 11(b), which, if proven, could require the imposition of sanctions. *See* Fed. R. Civ. P. 11(c).

### III. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED** and Plaintiff's Complaint is dismissed **WITHOUT PREJUDICE**. Plaintiff shall be permitted to file a motion for leave to amend – and attach a proposed Amended Complaint thereto (*see* E.D. Mich. LR 15.1) – within **FOURTEEN (14) DAYS** of the date of this order. If Plaintiff files such a motion, Defendants may then respond to Plaintiff's motion for leave to amend within the time-permitted by E.D. Mich LR 7.1(e)(2), and the Court will determine whether Plaintiff's request for leave to amend is futile (*i.e.*, whether Plaintiff's proposed Amended Complaint could survive a Rule 12(b)(6) motion). If Plaintiff chooses not

6

to file a motion for leave to amend within fourteen days, then the dismissal of this case will automatically convert into a dismissal with prejudice.

**SO ORDERED.**

                                                s/Terrence G. Berg  
                                                TERRENCE G. BERG  
                                                UNITED STATES DISTRICT JUDGE

Dated: May 31, 2013

**Certificate of Service**

I hereby certify that this Order was electronically submitted on May 31, 2013, using the CM/ECF system, which will send notification to each party.

                                                s/A. Chubb  
                                                Case Manager